IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 2:22-cr-00025

DANA MICHAEL RUSSELL,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

        Pursuant to Standing Order entered on October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023).

Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSR from the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety. Finding that the Defendant is ineligible for relief, the Court has not appointed counsel or directed the parties to submit responses.

The Defendant was convicted, via guilty plea, of possession of prepubescent child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). His original offense level was 21, and he was in Criminal History Category VI, for a Guideline range of 77 to 96 months, increased to the statutory mandatory minimum of 120 months. His criminal history category was based on 11 criminal history points plus two additional status points for committing the offense while under supervision for a prior conviction. On July 20, 2023, the Court imposed a sentence of 144 months of incarceration, to be followed by 25 years of supervised release, in accordance with the parties' Rule 11(c)(1)(C) agreement.

Following implementation of Amendment 821, the Defendant would receive only one status point, for a total of 12 criminal history points, resulting in a criminal history category of V. His offense level would remain 21. His Guideline range would be 70 to 87 months, increased to the mandatory minimum of 120 months. Because his Guideline range of 120 months ultimately is not impacted by the changes in Amendment 821, the Court finds that the Defendant is not eligible for relief.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that any relief pursuant to Title 18 U.S.C. § 3582(c)(2) be **DENIED** and that the sentence imposed on July 20, 2023, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER:     December 12, 2023

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA